*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-14-0000557
24-OCT-2017
01:26 PM

SCWC-14-0000557

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

JOSEPH VAIMILI,
Respondent/Defendant-Appellee,

and

INTERNATIONAL FIDELITY INSURANCE COMPANY,
Petitioner/Real Party in Interest-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0000557; CR. NO. 09-1-0410)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Real Party in Interest-Appellant

International Fidelity Company (International) seeks review of

the ICA's November 9, 2016 Judgment on Appeal, entered pursuant

to its September 30, 2016 Summary Disposition Order.  The ICA's

judgment affirmed the Circuit Court of the First Circuit's[1] February 18, 2014 "Findings of Fact, Conclusions of Law, and Order Denying International Fidelity Insurance Company's Renewed Motion to Set Aside Judgment or for Clarification of Judgment," relying on State v. Nelson, CAAP-12-0001040 (Haw. App. Sept. 29, 2016), aff'd, 140 Hawai'i 123, 398 P.3d 712 (2017).

International raises the same issues in its application for writ of certiorari as it did in the eight consolidated cases decided in State v. Nelson, 140 Hawai'i 123, 398 P.3d 712:

> 1.  Whether the ICA made grave errors of law in holding that Hawai'i Revised Statutes ("HRS") § 804-51, the bail forfeiture statute, did not require the State to give a surety notice of a bail forfeiture judgment before holding the surety liable, thereby depriving the surety of the 30-day search period or right to show good cause to set aside the judgment under the statute.
>
> 2.  Whether the ICA made grave errors of law in holding that the failure to provide notice or an opportunity to be heard to a surety did not violate the surety's rights to procedural due process where the surety did not receive any notice or an opportunity to be heard to contest the judgment.

Further, this case is factually and procedurally similar to Nelson. Accordingly, Nelson's holdings are dispositive in deciding this case.

As in Nelson, here, Ida Peppers ("Peppers") of Freedom Bail Bonds signed a bail bond as the "surety on the bond."

---

[1] The Hon. Randal K.O. Lee presiding.

Although an attached power-of-attorney gave Peppers authority to oblige International to insure the bond, International's name was not present on the bond, and Peppers's signature on the bond did not indicate that she had signed as an agent for International.  After the criminal defendant failed to appear, the circuit court entered a Judgment and Order of Forfeiture of Bail Bond on June 28, 2010.  The State provided prompt written notice to Peppers of the forfeiture judgment, and several months later directly provided written notice to International.  International failed to file for relief from the forfeiture judgment for more than a year after it received the State's written notice.  The bail bond, the power-of-attorney, the forfeiture judgment, and the notice letters are nearly identical to those from the consolidated cases in Nelson.

Because the relevant facts so closely match the eight consolidated cases in Nelson, and because International raises the same issues as it did in Nelson, Nelson controls.  In Nelson, with respect to whether the State was required to send notice to International pursuant to HRS § 804-51,[2] we held that

---

[2]       HRS § 804-51 (2014) provides:

        Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice was
                                                        (. . . continued)

International was not a "surety on the bond" for the purposes of HRS § 804-51.  Nelson, 140 Hawaiʻi at 134-36, 398 P.3d at 723-25. Thus, the State satisfied HRS § 804-51's notice requirement by providing notice to Peppers.  With respect to International's procedural due process argument, we held that International's due process rights were not violated when the State provided prompt written notice of the forfeiture judgment to Peppers, who was the "surety on the bond," instead of to International.  Id. at 725-26.  Finally, we clarified that the forfeiture judgments were entered against the "surety on the bond," i.e., Peppers, and had effect as to International "insofar as the judgments may support any payment demands or causes of action the State may have against International."  Id. at 726-27.

For the reasons set forth in Nelson, here, the State complied with HRS § 804-51 when it timely provided notice to

_____

(continued. . .)
given via personal service or certified mail, return receipt requested, the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

Peppers; International's procedural due process rights were not violated;[3] and the judgment against Peppers remains enforceable.

For the foregoing reasons, the ICA's November 9, 2016 Judgment on Appeal, entered pursuant to its September 30, 2016 Summary Disposition Order, is affirmed.

| | |
|---|---|
| Matson Kelly and Michael C. Carroll for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Stephen K. Tsushima for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |



---

[3]    Notably, the circuit court discussed whether an agent-principal relationship existed between Peppers and International in its February 18, 2014 order, whereas the court in Nelson did not engage in such an analysis. Nevertheless, the distinction between the challenged circuit court rulings is not relevant. The circuit court here had alternatively held that HRS § 804-51 requires that notice be issued to the "surety on the bond," and that the State complied with this requirement when it issued notice to Freedom. In relying on Nelson in its September 30, 2016 SDO, the ICA affirmed the circuit court's alternative holding.